VOLNEY B. PHILLIPS

*v.*

HENRY W. MEADE.

1. BUTTER AND CHEESE MANUFACTORIES — *statute relating to, construed.* The act of March 9, 1869, entitled "An act to protect butter and cheese manufactories," in providing a penalty for supplying, or bringing to be manufactured, milk diluted with water, etc., was not intended to apply to a person engaged in making butter and cheese on his own account, but to such factories as are conducted upon a joint or co-operative plan.

2. The words *supply to be manufactured* or *bring to be manufactured*, as used in the act, cannot be construed to mean a sale ; neither would a sale necessarily imply that the article was brought or supplied to be manufactured.

3. In a suit by the sole owner of a butter and cheese factory who was operating the same for his own use and benefit, against one who had sold him milk, to recover the penalty given by the act, on the ground that the seller had skimmed the milk before delivery, it was *held*, that the plaintiff was not entitled to recover even if the seller had skimmed the milk. If the seller had violated his contract, he was liable to the purchaser in an ordinary action for the damages he had occasioned.

Aᴘᴘᴇᴀʟ from the Circuit Court of Kane county; the Hon. Sɪʟᴠᴀɴᴜs Wɪʟᴄᴏx. Judge, presiding.

Mr. E. F. Rᴜɴʏᴀɴ, and Messrs. Wᴀᴋᴇᴍᴀɴ & Cᴏᴏɴ, for the appellant.

Messrs. Bᴏᴛsғᴏʀᴅ, Bᴀʀʀʏ & Kʀɪʙʙs, for the appellee.

Mr. Jᴜsᴛɪᴄᴇ Cʀᴀɪɢ delivered the opinion of the Court:

This was an action of debt, brought by Henry Willard, in the Circuit Court of Kane county, against Volney B. Phillips, to recover a penalty under an act approved March the 9th, 1869, entitled "An act to protect butter and cheese manufactories."

A trial was had before a jury, which resulted in a verdict in favor of appellee for $600. The court overruled a motion for a new trial, and rendered judgment upon the verdict, and appellant brings the record here by appeal.

The act under which the suit was brought provides, "That whoever shall knowingly supply, or bring to be manufactured, to any cheese manufactory in this State, any milk diluted with water, or in any way adulterated, or milk from which cream, or milk commonly known as 'stripping' has been taken, or whoever shall knowingly bring or supply milk to any cheese factory, that is tainted, or partly sour, for want of proper care in keeping pails, strainers, or any vessel in which said milk is kept, clean and sweet, after being notified of such taint or carelessness, or any cheese manufacturer who shall knowingly use, or direct any of his employees to use, for his or their individual benefit, any cream from the milk brought to said cheese man-

ufactory, without the consent of all the owners thereof, shall, for each and every offense, forfeit and pay a sum not less than twenty-five dollars, nor more than one hundred dollars, with costs of suit, to be sued for in any court of competent jurisdiction, for the benefit of the person or persons, firm or association, or corporation, or their assigns, upon whom such fraud may be committed." Laws of 1869, page 163.

It appears, from the testimony contained in the record, that appellee was the exclusive owner of a cheese factory in McHenry county, and that he purchased milk from the farmers in the neighborhood of the factory, from which, in connection with milk from his own cows, he manufactured cheese and butter upon his own account, and for his sole benefit.

During the season of 1871, appellant milked twenty-three cows, and sold the milk to appellee.

The milk sold by appellant and others was used by appellee in making butter, cheese, skimmed-milk cheese, and sour curd, in such manner as he thought advisable.

The contract under which appellant sold appellee milk does not seem to have been very definite. In the spring appellant issued circulars that he would pay a certain price during the different months. Appellee testified that appellant asked him if he was going to pay those who had not talked with him the same as those who had. To which he replied, he was; he should serve them all alike.

Appellant's milk, each evening, was strained into ten-gallon cans, ready for delivery in the morning. It appears that on each morning appellant was in the habit of taking from the cans, before they were delivered, a certain quantity of cream and milk; as to the quantity taken, the evidence does not agree. Appellant claimed he took only sufficient for table use in his family, while appellee insisted that a greater quantity was taken.

In the view, however, we take of the statute, this question of fact is not material. The real question involved is, whether

appellee, under a proper construction of the statute, is entitled to recover.

It is somewhat remarkable that, if the statute was intended to embrace a sale of milk by the producer to one engaged in manufacturing on his own account, the term " sale " is not used in the act. The language used is, " whoever shall knowingly supply, or bring to be manufactured to any cheese manufactory in this State, any milk diluted," etc.

The words " supply to be manufactured," or " bring to be manufactured," cannot reasonably be construed to mean a sale; neither would a sale necessarily imply that the article was brought or supplied to be manufactured.

When appellant sold and delivered milk to appellee, appellee could feed it to hogs or dispose of it in any manner he thought proper; it was not necessarily supplied for manufacture, but for sale.

It was a part of appellee's business to make cheese of skimmed milk; if, however, the terms " supply " or " bring to be manufactured " are to be regarded as synonymous with the word " sale," then appellant was prohibited under a penalty from selling skimmed milk, the result of which would be, appellee would be compelled to suspend, in consequence of the statute, a part of his legitimate business.

By reference to another clause in the section, it is evident the statute was not intended to apply to a case where a factory was owned and operated by a person on his own account.

It is as follows: Any cheese manufacturer who shall knowingly use, or direct any of his employees to use, for his or their individual benefit, any cream from the milk brought to said cheese manufactory, without the consent of the owners thereof, shall, etc.

This clause, when considered in connection with the words " supply " or " bring to be manufactured," would seem to imply that the intent and object of the act were to apply to only such factories as were conducted upon a joint or co-operative plan.

43—75th Ill.

Where various persons are interested in the factory, and each furnishing a quantity of milk to be manufactured, and to share in the products in proportion to the milk furnished, and to bear a proper part of the expense, there is manifest justice in the provision which prevents one from imposing on the others by furnishing or supplying to be manufactured, a diluted article.

While the necessity for a law for this purpose is apparent, it is difficult to perceive any need for legislation to secure a party, who might be manufacturing on his own account, against imposition.

If appellant was, under the arrangement with appellee, to furnish a certain quality of milk, and failed to observe his agreement, he would be liable in an appropriate action for all damages sustained by appellee by a breach of his agreement; but we do not think, under a proper construction of the statute, appellant was entitled to recover the penalty.

The instructions given on behalf of appellee in construing the statute should have been refused, and that of appellant refused should have been given.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Judgment reversed.*